### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BETH DILLON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 04-1355 |
| TIMOTHY BYRD | ) ) ) |
| Defendant. | ) ) |

### O R D E R

Before the Court is Defendant's Motion in Limine. For the reasons set forth below, the Motion in Limine [#28] is GRANTED IN PART AND DENIED IN PART.

### DISCUSSION

Defendant seeks to introduce evidence at trial of "a pattern of manipulative behavior by the Plaintiff in attempts [sic] to reduce her sentence." Defendant claims that he is not seeking to introduce this evidence as evidence of the Plaintiff's character but rather in an effort to demonstrate Plaintiff's motive in accordance with Rule 404(b) of the Federal Rules of Evidence.

First, Defendant seeks to admit a letter that Plaintiff wrote to Judge Creswell, the sentencing judge in her criminal conviction. In the letter, Plaintiff indicated that she wanted probation with time served because of the horrible conditions at Dwight Correctional Center. According to Defendant, "it was in this letter that Plaintiff first raised allegations of sexual misconduct by a staff member at Illinois Department of Corrections." Plaintiff disagrees and argues that Plaintiff told her sister and her ex-husband about the sexual

assault prior to writing this letter. Plaintiff also argues that this information is not probative of the issue of whether or not Plaintiff was sexually assaulted.

The Court finds that this letter is relevant to the issue of whether Plaintiff was sexually assaulted. Accordingly, Defendant is allowed to admit the letter at trial; however, this letter is admitted with the understanding that under Rule 801(d)(1), Plaintiff will, in turn, be able to call her ex-husband and sister to testify. Under Rule 801(d)(1), the testimony of these individuals is admissible to rebut the presumption that Plaintiff's allegation that she was sexually assaulted were recent fabrications developed for the first time in her letter to the Judge.

Second, Defendant seeks to introduce the reason why Plaintiff pled guilty to the criminal charge that resulted in her incarceration. Plaintiff argues that the probative value of this information to the Defendant is far outweighed by the potential prejudice to the Plaintiff and the reason why she pled guilty is not relevant because she does not dispute her conviction.

The Court declines to rule on this issue at this time because it is not clear from Defendant's Motion in Limine where this allegation came from and therefore the Court cannot discern if this information could actually be used to show motive. Accordingly, Defendant may choose to raise this at trial. Plaintiff will then have the opportunity to object and the Court will be in a better position to determine if the evidence is actually being offered to show motive.

Third, Defendant seeks to admit evidence that Plaintiff participated in a treatment program for addiction despite her admissions that she is not addicted to drugs or alcohol. Defendant argues that she only attended this program so that she could receive good time

credits. Defendant claims that this is admissible because it goes to show that Plaintiff has a history of lying in order to reduce her sentence and that from this, the jury could infer that Plaintiff lied about being sexually assaulted in order to reduce her sentence. The Court declines to rule on this issue at this time. Despite Defendant's argument that he seeks to admit this evidence to show that Plaintiff had a motive for fabricating the sexual assault claim, it appears from the limited briefing on the issue that this is a question of character evidence. Accordingly, the Court finds that this issue is most appropriately addressed at trial.

Finally, the Defendant seeks to introduce evidence regarding Plaintiff's felony conviction pursuant to Rule 609 of the Federal Rules of Evidence. As Plaintiff does not object to the introduction of this evidence. The motion is granted with respect to evidence of Plaintiff's felony conviction.

Therefore, for the reasons set forth above, Defendant's Motion in Limine [#28] is GRANTED IN PART AND DENIED IN PART.

ENTERED this 15th day of February, 2006.

                                              s/ Michael M. Mihm
                                              Michael M. Mihm
                                              United States District Judge